**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv450**

| | | |
|---|---|---|
| **SHIRLEY BOSTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **AMENDED** |
| Vs. | ) | **ORDER** |
| | ) | |
| **PETE DAVIS,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on review of the Memorandum and Recommendation (#16) issued by Honorable David S. Cayer, United States Magistrate Judge, recommending that this action be dismissed with prejudice in accordance with Rule 12(b)(6).

Within the time allowed for filing objections, plaintiff (proceeding *pro se*) filed the following: Sur-reply to Motion to Dismiss" (#17); plaintiff's Motion to Amend Complaint (#18); and Objection to Memorandum and Recommendation (#19). In the Surreply (*c.f.* L.Cv.R. 7.1), plaintiff makes no objection to the M&R, but instead addresses her arguments to the reply of Defendant Davis.[1] In the Motion to Amend Complaint, plaintiff seeks to amend her Complaint to allege additional facts and name additional defendants, all of which appear to be based on pleading deficiencies discussed by Judge Cayer. In the Objection to the Memorandum and Recommendation, plaintiff does not specifically identify any error of Judge Cayer, but argues that certain cited decisions were law when the alleged unconstitutional acts occurred and that she did not receive a copy of the Motion to Dismiss filed by Defendants Bernard and Williams.[2] Plaintiff further argues

---

[1] Such document has been mis-linked as a response to the Motion to Dismiss of Defendants Bernard and Williams (#11).

[2] Candi Bernard and Jeanna Williams included a certificate of service with their motion, indicating that they mailed a copy of their motion and brief to plaintiff at her given

-1-

the merits of her Motion to Amend in her objections. In none of these pleadings, however, has plaintiff provided the court with any specific objection to the recommendation of Judge Cayer.

**FINDINGS AND CONCLUSIONS**

**I.   Discussion**

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of Judge Cayer's recommendation.

As to Defendant Davis's Motion to Dismiss, Judge Cayer determined that plaintiff has not pled sufficient facts to establish that Defendant Davis affirmatively placed the plaintiff's granddaughter into state custody or exercised any act restraining her liberty and, therefore, Defendant Davis had no constitutional duty to protect her from harm by private parties. In her objection, plaintiff simply repeats arguments specifically addressed by Judge Cayer in

---

address. See Docket Entry 11, at p. 2. Plaintiff has not filed an affidavit that would call into question the certificate of service.

his recommendation. See Objections, at ¶ 4; c.f., Recommendation, at p. 9. Judge Cayer held, as follows:

> Based upon the facts pled by Plaintiff and viewed in a light most favorable to her, it is undisputed that Tiffany was not in state custody or the custody of Davis when she was sexually assaulted by Mitchell. Moreover, she was not in the custody of the state or Davis when she was murdered.

M&R, at p. 9.

In her Motion to Amend, plaintiff now seeks leave to amend her complaint to allege that her granddaughter was raped while she was "in State Foster Care Royce Mitchell continues to Rape Tiffany on Multiple Occasions." Proposed Amended Complaint, at ¶ 15 (#18, at p. 6)(errors in the original). Plaintiff bases such proposed amendment on her own recollection of statements made to her by her granddaughter. Id. However, plaintiff does not explain why she did not include such a serious allegation in her original Complaint, wherein she alleged that her granddaughter "was later Placed in Foster Care after Royce Mitchell fails a Study of His Home, for Other Reasons." Complaint, at ¶ 15 (errors in the original; emphasis added).

By failing to explain the inconsistency, plaintiff has shown little reason to allow amendment. While Federal Rule of Civil Procedure 15 favors allowing motions to amend, amendment "is by no means automatic." Addington v. Farmer's Elev. Mut. Insur. Co., 650 F.2d 663, 666 (5th Cir. 1981). The Supreme Court of the United States has declared that a motion to amend may be denied when (i) there is evidence of undue delay, bad faith or dilatory motive on the part of the movant; (ii) repeated failure to cure deficiencies by amendments previously allowed; (iii) undue prejudice to the opposing party by virtue of allowance of the amendment; or (iv) futility of the amendment. Foman v. Davis, 371 U.S. 178, 182 (1962). A complaint must contain "'a short and plain statement of the claim

showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) (interpreting Fed. R. Civ. P. 8(a)).

In considering "futility of amendment," the court has closely reviewed all of the allegations of the Complaint as well as the proposed Amended Complaint. In conducting such review, it appears to this court in the first instance that plaintiff lacks standing to bring this lawsuit under 42, United States Code, Section 1983. In the Complaint, plaintiff alleges that she is the natural grandmother of the deceased minor child, that she lived in another state at the time of decedent's death, and that it was the child's adoptive brother (later guardian) who had raped and later murdered the child. While plaintiff points to alleged failings of police and social services to intervene, what is missing from all of the pleadings is any allegation that plaintiff has standing to bring this lawsuit. Thus, if this court were to decide the Rule 12(b)(6) issue at this point and dismiss such claims with prejudice, such decision would be a nullity as plaintiff lacks standing to bring such claims.

First, simply being a relative of a deceased person does not give one standing to bring a Section 1983 lawsuit; if that were the case, any relative of a deceased person could bring a lawsuit on behalf of the deceased, putting before the court a claim which plaintiff has no authority to bring, exposing defendants to the risk of redundant litigation, and putting the judicial system in jeopardy through the possibility of inconsistent decisions and waste of resources. Equally, Rule 12(b)(6) is not a short cut inasmuch as a decision on the merits of claims brought by a plaintiff without standing to bring them is a nullity.

Instead, federal law looks to state law to determine who may bring a claim and "[f]ederal courts are to apply state law in deciding who may bring a § 1983 action on a decedent's behalf." Williams v. Bradshaw, 459 F.3d 846, 848 (8th Cir. 2006)(citations

omitted). In turn, North Carolina law provides that it is the duly appointed *administrator* of the decedent's estate who can bring claims on behalf of the beneficiaries of the estate. N.C.Gen.Stat. § 28A-18-2(a).

Before considering dismissal under Rule 12(b)(6), this court has a duty to consider its subject-matter jurisdiction under Rule 12(b)(1), and such requirement is absolute:

> [n]o party need assert [a lack of subject matter jurisdiction]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own.

Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). While the court appreciates the efforts of the parties in discussing the merits of the claims brought by plaintiff, such discussion is premature inasmuch as the court does not yet have before it a party capable of bringing Section 1983 claims based on the alleged wrongful death of this decedent, for the reasons discussed *infra*.

Standing is a threshold issue of jurisdiction. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, at 102, 104 (1998). Neither in the caption of the Complaint, the allegations of the Complaint, nor anywhere else in the proposed Amended Complaint does plaintiff allege that she is the administrator of the estate of the decedent. Instead, it appears from the Complaint that the decedent resided and died in North Carolina (an allegation from which the court concludes that her estate would be administered in North Carolina) and that North Carolina law would be applicable in determining who has standing to bring a claim on behalf of her heirs. To have standing to bring this Section 1983 action, which is in the nature of a wrongful death action, plaintiff must first be qualified and appointed under North Carolina law as the administratrix of the estate of the deceased and then must bring the action in her capacity as administratrix of the estate rather than in her individual capacity. North Carolina law, provides as follows:

> An action for wrongful death is a creature of statute and only can be brought by the personal representative or collector of the decedent. N.C.Gen.Stat. § 28A-18-2(a) (1991); *Graves v. Welborn*, 260 N.C. 688, 133 S.E.2d 761 (1963). The plaintiff must both allege and prove that he has the capacity to sue. *Journigan v. Little River Ice Co.*, 233 N.C. 180, 63 S.E.2d 183 (1951). Moreover, the action must be instituted by the personal representative within two years after the death of the decedent. N.C.Gen.Stat. § 1-53(4) (1983).

Westinghouse v. Hair, 107 N.C.App. 106, 107 (1992). While this action was brought within two years of the death of plaintiff's granddaughter, it was not brought within two years by a person having standing to bring the action as plaintiff does not allege that she was qualified and appointed as the administratrix of her granddaughter's estate. While such would ordinarily suggest that the action should be dismissed outright, review of North Carolina law reveals a savings provision which may well be applicable to this case. In Estate of Tallman ex rel. Tallman v. City of Gastonia, 200 N.C.App. 13 (2009), the North Carolina Court of Appeals held, as follows:

> Ms. Tallman originally brought this action in the capacity of Executrix of the Estate of Brian Gilbert Tallman. She subsequently obtained letters of administration and seeks to proceed in her capacity as administratrix of the estate of Brian Gilbert Tallman and as the real party in interest under Rule 17(a). The Supreme Court held in *Burcl* that the relevant inquiry under these circumstances is whether "[d]efendants had full notice of the transactions and occurrences upon which this wrongful death claim [was] based when the claim was originally filed within the period of limitations by plaintiff...." 306 N.C. at 230, 293 S.E.2d at 95.
>
> * * *
>
> Our courts have held that the real party in interest can, under Rule 17, ratify the commencement of a lawsuit in several ways: (1) by filing a formal notification with the court, *Reeves v. Jurney*, 29 N.C.App. 739, 741, 225 S.E.2d 615, 616 (holding that filing of signed document by real parties in interest stating they authorized plaintiff to proceed and agreed to be bound as if they were original plaintiffs was sufficient ratification), *disc. review denied*, 290 N.C. 663, 228 S.E.2d 454 (1976); (2) by stipulation, *Lawrence v. Wetherington*, 108 N.C.App. 543, 547, 423 S.E.2d 829, 831 (1993) (holding that real party in interest could stipulate to court that it would be bound by any decision in case); and (3) by participating in the legal proceedings, *Long v. Coble*, 11 N.C.App. 624, 629, 182 S.E.2d 234, 238 (holding that participation

> by counsel for real party in interest in legal proceedings was sufficient ratification), *cert. denied*, 279 N.C. 395, 183 S.E.2d 246 (1971). Here, Ms. Tallman's participation in the lawsuit once she had become administratrix was sufficient under <u>Long</u> to ratify the filing of the summons and application for extension of time. That ratification, under Rule 17(a), relates back to the filing of the summons, rendering the wrongful death action timely.

<u>Id.</u>, at 22-23. This relationship back could conceivably be applicable to the circumstances presented in this case.

With those concerns in mind, the court has considered whether to dismiss this action under Rule 12(b)(1). "[W]hen [jurisdiction] ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. at 94 (citing <u>Ex Parte McCardle</u>, 74 U.S. (7 Wall.) 506, 514 (1868)). To have standing under Article III of the United States Constitution, a party "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." <u>Hinck v. United States</u>, 550 U.S. 501, 510 n. 3 (2007). Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. <u>Mansfield, C. & L.M.R. Co. v. Swan</u>, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. <u>Capron v. Van Noorden</u>, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. <u>Adams v. Bain</u>, 697 F.2d 1213, 1219 (4th Cir. 1982). In <u>Richmond,</u>

Fredricksburg & Potomac R.R. Co. v. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Id.*; *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. *Trentacosta, supra*, 813 F.2d at 1559 (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Trentacosta, supra*, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. *Revene v. Charles County Comm'rs*, 882 F.2d 870, 872 (4th Cir.1989); *Shultz v. Dept. of the Army*, 886 F.2d 1157, 1159 (9th Cir.1989).

*Id.*, at 768-69.

Thus, the court must now consider whether immediate dismissal is appropriate or whether some other action is appropriate under relevant case law. Federal courts have a duty to construe pleadings "so as to do justice." Crosby v. City of Gastonia, 635 F.3d 634, 642 (4th Cir. 2011); Fed.R.Civ.P. 8(e). As discussed above, dismissal of this action under Rule 12(b)(1), even without prejudice, would likely prevent any administrator of the estate of decedent from intervening under Rule 17(a) as such claims would be time barred. Under North Carolina law, it would appear that an estate could conceivably adopt this litigation and possibly have such adoption relate back to the original filing. While a Rule 12(b)(1) dismissal would be without prejudice,[3] any claim that enured to the beneficiaries of

---

[3] Rule 41(b), Fed.R.Civ.P., provides in relevant part that, "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule... except one for lack of jurisdiction . . . operates as an adjudication on the merits." As other courts have found,

> [d]ismissal for lack of subject-matter jurisdiction should normally be without

-8-

decedent's estate would be effectively lost even by a dismissal without prejudice inasmuch as the two-year period of limitations would have run.

Having considered the pleading and case law in a manner to do justice, the court will hold open consideration of the M&R for an additional 60 days, during which time any duly appointed administrator of the decedent's estate will have the opportunity to be substituted as the real party in interest and ratify the claims previously asserted or move for their amendment. Fed.R.Civ.P. 17(a)(3). Within that period, the duly appointed administrator of the estate of the decedent may, through counsel, move under Rule 17(a) to be substituted as the real party in interest and adopt this action as their own. Plaintiff is advised that if she desires to become such administrator, she will need to make application with the appropriate North Carolina state court, and that her appointment as administratrix is by no means automatic or without cost. See N.C.Gen.Stat. § 28A-4-2 (as amended by 2011 North Carolina Laws S.L. 2011-344 (S.B. 432)). Plaintiff is further advised that seeking qualification as the administrator of an estate is a difficult legal task and that she should seek the assistance of counsel.

**Finally, plaintiff is advised that if she is successful in being appointed as the administrator, the court will require her, in her capacity as administratrix of the decedent's estate, to be represented by counsel.** While plaintiff is at liberty to represent her own legal interests in federal court without the assistance of counsel, she is not permitted to represent the legal interests of others in this court without counsel. The legal interests of

---

prejudice, since by definition the court lacks power to reach the merits of the case. See Ernst v. Rising, 427 F.3d 351, 366 (6th Cir.2005). It is true that, in rare cases where a district court lacks jurisdiction, the court may dismiss a claim with prejudice "as a sanction for misconduct." Id. But there was no finding of misconduct here.

Revere v. Wilmington Finance, 406 Fed.Appx. 936, 937 (6th Cir. 2011)

the beneficiaries of an estate, as a matter of both federal and state law, cannot be pursued by an administrator proceeding *pro se*. As other courts have held:

> most important, this case cannot be prosecuted on a pro se basis. Estates cannot represent themselves.
>
> * * *
>
> Appearances in federal court are governed by 28 U.S.C. § 1654. Section 1654 permits parties "[i]n all of the Courts of the United States . . . [to] plead and manage their own causes personally or by the assistance of counsel or attorneys at law." 28 U.S.C. § 1654. This section, enacted to enforce the Sixth Amendment's right to counsel, "guarantee[s] a choice between representation by counsel and the traditional practice of self-representation." See Faretta v. California, 422 U.S. 806, 825, 834, 95 S.Ct. 2525, 2536, 2541 (1975). The right to self-representation, however, has been interpreted to mean that only individuals (or natural persons) have a right to represent themselves and that an individual can represent only himself; it by no means affords a right to lay representation by someone (even an agent) other than one's self. See Osborne v. Bank of the United States, 22 U.S. (9 Wheat.) 326, 365-66, 6 L.Ed. 204 (1824) ("A corporation, it is true, can appear only by attorney, while a natural person may appear for himself."); Scandia Down Corp. v. Euroquilt, Inc., 772 F.2d 1423, 1427 (7th Cir. 1985) ("A 'corporation' is an abstraction, and abstractions cannot appear pro se."); United States v. Taylor, 569 F.2d 448, 451 (7th Cir. 1978) (constitutional right to assistance of counsel does not include right to representation by persons unlicenced to practice law); United States v. Peterson, 550 F.2d 379, 381-82 (7th Cir. 1977) (Faretta "does not hold that a defendant has the freedom of choice to select a non-licenced person as his counsel"); McShane v. United States, 366 F.2d 286 (9th Cir. 1966) (pro se petitioner could act on his own behalf but not on behalf of other class members).
>
> * * *
>
> Like a corporation, an estate can only act through an agent; in this case, an administrator. An estate by its very nature cannot represent itself and, therefore, must be represented by a licensed attorney, regardless of the relation between the administrator and the decedent. To permit an unlicenced lay administrator to appear pro se would be to permit the unauthorized practice of law. I cannot do so.

McCants v. Village of Broadview, 1994 WL 117478, 1-2 (N.D. Ill. 1994). In accordance with Chapter 28A-13-3(23) of the North Carolina General Statutes, the personal representative of a decedent's estate has the exclusive authority to seek damages for his or her decedent's death; and in accordance with Chapter 28A-18-2(a), damages recovered by

the personal representative are then distributed to the decedent's beneficiaries in accordance with the Intestate Succession Act. North Carolina's highest court has long held that "the real party in interest is the beneficiary under the statute for whom recovery is sought, and not the administrator." In Re Ives' Estate, 248 N.C. 176, 181 (1958) (citation omitted). As such, only a lawyer can pursue the legal claims of another.[4]

To summarize, the court will stay further consideration of the Memorandum and Recommendation for 60 days to allow the administrator of the decedent's estate, through counsel, to move to be substituted as the real party in interest.

**ORDER**

**IT IS, THEREFORE, ORDERED** that consideration of the M&R is **STAYED** for 60 days, during which time the duly appointed administrator of the estate of decedent may, through counsel, move under Rule 17(a) to be substituted as the real party in interest and, if so allowed, to ratify the Complaint and/or move to amend the Complaint.

Signed: December 29, 2011

Max O. Cogburn Jr.
United States District Judge

---

[4] The court notes that attempting to represent the legal interests of anyone other than oneself, unless licensed to practice in the State of North Carolina or admitted elsewhere and specially admitted, is the unauthorized practice of law, which is a criminal offense in North Carolina, punishable as a Class 1 misdemeanor. N.C. Gen. Stat. §§ 84-4 & 8.