# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11cv450

| | |
|---|---|
| SHIRLEY BOSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| PETE DAVIS, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on review of the Memorandum and Recommendation (#16) issued by Honorable David S. Cayer, United States Magistrate Judge, recommending that this action be dismissed with prejudice in accordance with Rule 12(b)(6). Within the time allowed for filing objections, plaintiff (proceeding *pro se)* filed the following: Sur-reply to Motion to Dismiss" (#17); plaintiff's Motion to Amend Complaint (#18); and Objection to Memorandum and Recommendation (#19). In the Surreply (*c.f.* L.Cv.R. 7.1), plaintiff makes no objection to the M&R, but instead addresses her arguments to the reply of Defendant Davis.[1] In the Motion to Amend Complaint, plaintiff seeks to amend her Complaint to allege additional facts and name additional defendants, all of which appear to be based on pleading deficiencies discussed by Judge Cayer.

In the Objection to the Memorandum and Recommendation, plaintiff does not specifically identify any error of Judge Cayer, but argues that certain cited decisions were law when the alleged unconstitutional acts occurred and that she did not receive a copy of the Motion to Dismiss filed by Defendants Bernard and Williams.[2] Plaintiff further argues the merits of her Motion to Amend in

---

[1] Such document has been mis-linked as a response to the Motion to Dismiss of Defendants Bernard and Williams (#11).

[2] Candi Bernard and Jeanna Williams included a certificate of service with their motion, indicating that they mailed a copy of their motion and brief to plaintiff at her given

-1-

her objections. In none of these pleadings, however, has plaintiff provided the court with any specific objection to the recommendation of Judge Cayer.

After conducting an initial review of the objections, the court entered an Order on December 29, 2011 (Amended Order #21) raising concerns this court had with plaintiff's standing to bring this action. Before considering dismissal under Rule 12(b)(6), this court has a duty to consider its subject-matter jurisdiction under Rule 12(b)(1), and such requirement is absolute:

> [n]o party need assert [a lack of subject matter jurisdiction]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own.

Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). Such concerns were raised based on this court's review of plaintiff's Motion to Amend, wherein she attempted to address and cure Judge Cayer's Rule 12(b)(6) concerns through amendment of the Complaint.

After reviewing federal and state law, federal law looks to state law to determine who may bring a claim and "[f]ederal courts are to apply state law in deciding who may bring a § 1983 action on a decedent's behalf." Williams v. Bradshaw, 459 F.3d 846, 848 (8th Cir. 2006)(citations omitted). In turn, North Carolina law provides that it is the duly appointed *administrator* of the decedent's estate who can bring claims on behalf of the beneficiaries of the estate. N.C.Gen.Stat. § 28A-18-2(a). To have standing to bring this Section 1983 action, which is in the nature of a wrongful death action, plaintiff must first be qualified and appointed under North Carolina law as the administratrix of the estate of the deceased and then must bring the action in her capacity as administratrix of the estate rather than in her

---

address. See Docket Entry 11, at p. 2. Plaintiff has not filed an affidavit that would call into question the certificate of service.

individual capacity. North Carolina law, provides as follows:

> An action for wrongful death is a creature of statute and only can be brought by the personal representative or collector of the decedent. N.C.Gen.Stat. § 28A-18-2(a) (1991); *Graves v. Welborn*, 260 N.C. 688, 133 S.E.2d 761 (1963). The plaintiff must both allege and prove that he has the capacity to sue. *Journigan v. Little River Ice Co.*, 233 N.C. 180, 63 S.E.2d 183 (1951). Moreover, the action must be instituted by the personal representative within two years after the death of the decedent. N.C.Gen.Stat. § 1-53(4) (1983).

Westinghouse v. Hair, 107 N.C.App. 106, 107 (1992).

While this action was brought within two years of the death of plaintiff's granddaughter, it was not brought within two years by a person having standing to bring the action as plaintiff does not allege that she was qualified and appointed as the administratrix of her granddaughter's estate. While such would ordinarily suggest that the action should be dismissed outright, review of North Carolina law reveals a savings provision which may well be applicable to this case. In Estate of Tallman ex rel. Tallman v. City of Gastonia, 200 N.C.App. 13 (2009), the North Carolina Court of Appeals held, as follows:

> Ms. Tallman originally brought this action in the capacity of Executrix of the Estate of Brian Gilbert Tallman. She subsequently obtained letters of administration and seeks to proceed in her capacity as administratrix of the estate of Brian Gilbert Tallman and as the real party in interest under Rule 17(a). The Supreme Court held in *Burcl* that the relevant inquiry under these circumstances is whether "[d]efendants had full notice of the transactions and occurrences upon which this wrongful death claim [was] based when the claim was originally filed within the period of limitations by plaintiff...." 306 N.C. at 230, 293 S.E.2d at 95.
>
> * * *
> Our courts have held that the real party in interest can, under Rule 17, ratify the commencement of a lawsuit in several ways: (1) by filing a formal notification with the court, *Reeves v. Jurney*, 29 N.C.App. 739, 741, 225 S.E.2d 615, 616 (holding that filing of signed document by real parties in interest stating they authorized plaintiff to proceed and agreed to be bound as if they were original plaintiffs was sufficient ratification), *disc. review denied*, 290 N.C. 663, 228 S.E.2d 454 (1976); (2) by stipulation, *Lawrence v. Wetherington*, 108 N.C.App. 543, 547, 423 S.E.2d 829, 831 (1993) (holding that real party in interest could stipulate to court that it would be bound by any

> decision in case); and (3) by participating in the legal proceedings, *Long v. Coble*, 11 N.C.App. 624, 629, 182 S.E.2d 234, 238 (holding that participation by counsel for real party in interest in legal proceedings was sufficient ratification), *cert. denied*, 279 N.C. 395, 183 S.E.2d 246 (1971). Here, Ms. Tallman's participation in the lawsuit once she had become administratrix was sufficient under *Long* to ratify the filing of the summons and application for extension of time. That ratification, under Rule 17(a), relates back to the filing of the summons, rendering the wrongful death action timely.

Id., at 22-23. Because this relationship back could conceivably be applicable to the circumstances presented in this case, in an abundance of caution the court afforded plaintiff 60 days within which to qualify as the administrator and notify the court. Specifically, the court allowed any duly appointed administrator of the estate of decedent to, through counsel, move under Rule 17(a) to be substituted as the real party in interest and, if so allowed, to ratify the Complaint and/or move to amend the Complaint. Such time period expired on or about February 27, 2012.

On the last day of the period, plaintiff filed with court a request for additional time. In that pleading, she represents that she has signed an agreement with a Charlotte probate attorney, Ms. Sabrina Winters, to commence estate proceedings, and that she is in the final stages of working out an agreement with an attorney at *Ward & Smith* to pursue this § 1983 action.

Under the reasoning of Estate of Tallman ex rel. Tallman v. City of Gastonia, 200 N.C.App. 13 (2009), the court will extend such deadline by an additional 60 days. Plaintiff is advised that the court fully expects the next motion filed to be by counsel.

* * *

Finally, such extension leaves hanging the excellent recommendation of Judge Cayer under Rule 12(b)(6). Based on the discussion in the earlier Order, this case is now headed in one of two directions: first, plaintiff is successful in having the estate administered and

counsel appears herein, likely moving to amend the pro se Complaint; or second, plaintiff is unsuccessful in her attempts, and this case is dismissed under Rule 12(b)(1). Under neither scenario is it possible that the action will be dismissed under the original Rule 12(b)(6) motion, as lack of subject-matter jurisdiction would prohibit the court from reaching that motion. Thus, the defendants' Motion to Dismiss under Rule 12(b)(6) will be denied without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that

1. The duly appointed administrator of the estate of decedent is **ALLOWED** up to and inclusive of May 30, 2012, through counsel, to move under Rule 17(a) to be substituted as the real party in interest and, if so allowed, to ratify the Complaint and/or move to amend the Complaint;

2. Plaintiff's Objection (#19) is **OVERRULED,** defendants' Motions to Dismiss (#s 10 & 11) are **DENIED** without prejudice, and the Memorandum and Recommendation is **TERMINATED** without further action; and

3. Plaintiff's Motion to Amend (#18) is **DENIED** without prejudice.

Plaintiff is advised to provide a copy of this Order and the previous Order of this court to any attorney she may be engaging so that they can be aware of the deadlines imposed by the court.

Signed: March 8, 2012

Max O. Cogburn Jr.
United States District Judge