IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv450

| | |
|---|---|
| SHIRLEY BOSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| PETE DAVIS, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on review of plaintiff's Motion for Voluntary Dismissal Without Prejudice (#24). Inasmuch as plaintiff lacks standing to bring this action, Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998), the court finds that the proposed dismissal without prejudice to the rights of the decedent's estate is appropriate. Federal law looks to state law to determine who may bring a claim and "[f]ederal courts are to apply state law in deciding who may bring a § 1983 action on a decedent's behalf." Williams v. Bradshaw, 459 F.3d 846, 848 (8th Cir. 2006)(citations omitted). In turn, North Carolina law provides that it is the duly appointed *administrator* of the decedent's estate who can bring claims on behalf of the beneficiaries of the estate. N.C.Gen.Stat. § 28A-18-2(a). To have standing to bring this Section 1983 action, which is in the nature of a wrongful death action, plaintiff must first be qualified and appointed under North Carolina law as the administratrix of the estate of the deceased and then must bring the action in her capacity as administratrix of the estate rather than in her individual capacity. North Carolina law, provides as follows:

> An action for wrongful death is a creature of statute and only can be brought by the personal representative or collector of the decedent. N.C.Gen.Stat. § 28A-18-2(a) (1991); *Graves v. Welborn*, 260 N.C. 688, 133

-1-

> S.E.2d 761 (1963). The plaintiff must both allege and prove that he has the capacity to sue. *Journigan v. Little River Ice Co.*, 233 N.C. 180, 63 S.E.2d 183 (1951). Moreover, the action must be instituted by the personal representative within two years after the death of the decedent. N.C.Gen.Stat. § 1-53(4) (1983).

Westinghouse v. Hair, 107 N.C.App. 106, 107 (1992). While this action was brought within two years of the death of plaintiff's granddaughter, it was not brought within two years by a person having standing to bring the action as plaintiff does not allege that she was qualified and appointed as the administratrix of her granddaughter's estate. North Carolina law provides for a savings provision that would allow the administratrix of an estate to ratify a previously but improperly filed action on behalf of the estate. Estate of Tallman ex rel. Tallman v. City of Gastonia, 200 N.C.App. 13, 22-23 (2009).

Rather than dismiss the action, the court provided plaintiff with an opportunity to qualify as the administratrix and retain counsel. On the last day of the period, plaintiff filed a request for additional time, which was allowed upon representation that she had engaged counsel to commence probate. At the end of such extension, plaintiff now requests a voluntary dismissal without prejudice stating that she has not been able to retain counsel and asking that the dismissal be without prejudice "to re-commence the action is Counsel if ever retained." Motion for Voluntary Dismissal (#24), at ¶ 3.

* * *

While the court will dismiss the action without prejudice as plaintiff lacks standing as a matter of law to bring the claim, plaintiff is advised that such claim can only be brought by the administrator of decedent's estate by counsel and that in terminating this action, it is probable that the savings provision of Estate of Tallman ex rel. Tallman would no longer apply as there would be no pending action for the administrator to ratify.

-2-

Case 3:11-cv-00450-MOC-DSC   Document 25   Filed 06/07/12   Page 2 of 3

## ORDER

**IT IS, THEREFORE, ORDERED** that

1. plaintiff's Motion for Voluntary Dismissal Without Prejudice (#24) is **ALLOWED**, and this action is dismissed in accordance with Rule 12(b)(1) and Rule 41 without prejudice.

Signed: June 7, 2012

Max O. Cogburn Jr.
United States District Judge